UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN H. GOODWIN III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:03-CV-1757 FRB |
| ) | |
| UNKNOWN JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis on appeal [Doc. #44].

On February 10, 2005, this Court granted defendant's motion to dismiss and dismissed plaintiff's complaint as to defendant Unknown Beard for failure to exhaust administrative remedies. This Order disposed of plaintiff's case and was entered upon the docket that same date. Therefore, any appeal of this disposition was required to be filed not later than March 14, 2005, thirty days after the entry of the Order. Fed. R. App. P. 4(a)(1)(A). On November 14, 2005, plaintiff filed the instant notice of appeal and a motion for leave to proceed in forma pauperis on appeal. This appeal is untimely. Plaintiff's notice of appeal bears the date November 9, 2005, and there is no indication that he deposited it in the prison mail system by March 14, 2005. See Fed. R. App. P. 4(a)(1), 4(c); Hable v. Pairolero, 915 F.2d 394 (8th Cir. 1990). Nor did plaintiff seek additional time to file a notice of appeal. See Fed. R. App. P. 4(a)(5). Further, while this Court may have granted additional time to file an appeal upon a timely request, that is, prior to the expiration of the Rule 4(a)(1) thirty-day period, it is permitted to grant only thirty additional days. Id.; see also Winchell v. Lortscher, 377 F.2d 247, 251 (8th Cir. 1967). Such time requirement is "mandatory and jurisdictional." Winchell, 377 F.2d at 251. Accordingly, given the untimeliness of plaintiff's attempt to appeal this Court's

February 2005 disposition of this cause, and the futility of any attempt by the plaintiff to seek leave to do so, the undersigned determines that such an appeal would not be taken in good faith and therefore denies the plaintiff leave to proceed on appeal in forma pauperis. 28 U.S.C. § 1915(a)(3); Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). Despite the untimeliness of the appeal, plaintiff nevertheless remains liable for payment of the full $255 appellate filing fee. See Miller v. Lincoln County, 171 F.3d 595 (8th Cir. 1999).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis on appeal [Doc. #44] is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this Order, plaintiff shall either pay to this Court the full $255 filing and docketing fees for filing an appeal or file with the United States Court of Appeals for the Eighth Circuit an application to proceed in forma pauperis on appeal.[1]

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this ___18th___ day of _____November_____, 2005.

_Frederick R. Buckles_
**UNITED STATES MAGISTRATE JUDGE**

---

[1] If plaintiff chooses to pay the filing fee, he is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison identification number; (3) the case number; and (4) that the remittance is for the appeal of the instant action.

2